J-S40025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LUIS NEGRON-MARTINEZ :
:
Appellant :  No. 399 EDA 2022

Appeal from the Judgment of Sentence Entered December 21, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0008079-2018

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                   **FILED JANUARY 20, 2023**

Appellant, Luis Negron-Martinez, appeals from the judgment of sentence imposed on December 21, 2021 in the Court of Common Pleas of Philadelphia County after he entered an open guilty plea to third-degree murder, robbery, and possessing instruments of crime ("PIC").[1]  Appellant contends that the trial court abused its discretion by failing to consider mitigating factors and imposing excessive consecutive sentences totaling 29 to 62 years in prison. Appellant also argues that his sentence was improperly impacted because the trial court viewed disturbing photographs of the victim's corpse.  Upon review, we affirm.

---

[1] 18 Pa.C.S.A. §§ 2503, 3701, and 907, respectively.

In its Rule 1925(a) opinion, the trial court summarized the underlying

facts, stating:

[Appellant] pled to the following facts. On July 28, 2018, [Appellant] shot and killed his paramour of about a year, Vianelba Tavera, in his basement apartment at 424 West Roosevelt Boulevard in Philadelphia. Surveillance video from the inside of his cluttered apartment showed [Appellant] repeatedly hit the decedent in the head with a large bottle and choked her for about a minute and [a] half. The decedent tried to run away but was trapped in a corner of the basement by a locked door and was unable to escape. After initially turning to the decedent with a large bottle in hand, [Appellant] stopped, searched for his gun, picked it up, and walked slowly toward the decedent. From about ten feet away, [Appellant] attempted to shoot the decedent two times; the gun jammed on his first shot and he missed [with] the second shot. [Appellant] moved even closer to the decedent who is cowering in the corner with her hands up. From about five feet away, [Appellant] shot the decedent once in the head, killing her instantly.

After taking pictures of the decedent's body on his phone, [Appellant] stole the decedent's keys and fled the scene in the decedent's 2013 Acura SUV. Two days later in Fairfax, Virginia, [Appellant] called 911 because he was experiencing a diabetic emergency and suicidal thoughts. After the paramedics examined him, [Appellant] claimed he did not know who owned the car. With [Appellant's] consent, police officers searched the vehicle and recovered [Appellant's] blood covered gun and the decedent's purse. While being interviewed by a psychiatrist, [Appellant] confessed to shooting and killing the decedent.

The Fairfax Police Department contacted the Philadelphia and New York City Police Departments and learned that the decedent's family had reported her missing.[2] Philadelphia police did not find the decedent's body, at this point at an advanced stage of decomposition, until almost a week later in [Appellant's] apartment.

---

[2] The decedent was a resident of the Bronx.

Philadelphia police also recovered the three fired cartridge casings that were ejected from [Appellant's] legally purchased gun.

Trial Court Opinion, 3/11/22, at 2-3 (citations to guilty plea hearing testimony omitted).

Appellant was arrested and charged with murder and related offenses. On August 6, 2021, he entered a guilty plea as outlined above. Following completion and review of a pre-sentence investigation and review of mental health reports, the trial court sentenced Appellant on December 21, 2021, to 20 to 40 years in prison for third-degree murder and consecutive sentences of eight to 20 years for robbery and one to two years for PIC, for an aggregate term of imprisonment of 29 to 62 years. Following denial of post-sentence motions, Appellant filed this timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues in this appeal:

1. Whether the trial court's aggregate sentence of 29 to [62[3]] years of incarceration was an abuse of discretion that did not adequately consider [Appellant's] mitigating factors, which included his: acceptance of responsibility, willingness to forgo viable pre-trial issues, history of mental and physical abuse, mental health issues, limited prior offenses, and behavior while in custody. Further, this court's imposition of consecutive sentences for third-degree murder, robbery, and PIC is an abuse of discretion that does not consider the mitigating

_____

[3] In his post-sentence motion, in his Rule 1925(b) statement, and in his brief filed with this Court, Appellant mistakenly indicates the sentence imposed for robbery was eight to 16 years, rather than eight to 20 years. Consequently, he also mistakenly indicates that his aggregate sentence is 29 to 58 years when, in fact, the aggregate is 29 to 62 years. *See* Order of Sentence, 12/21/21 (Count 2).

circumstances of [Appellant's] action, which was a single criminal event.

2. [Whether] the trial court's sentence was improperly impacted by the disturbing photographs of the victim's corpse, even though the Appellant was not charged with abuse of a corpse or other similar crimes and had no interaction with the victim's corpse after the killing.

Appellant's Brief at 9 (some capitalization omitted).

We begin by setting forth our standard of review. In **Commonwealth v. Patterson**, 180 A.3d 1217 (Pa. Super. 2018), this Court reiterated:

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court [is] in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Id.** at 1231-32 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 169–170 (Pa. Super. 2010) (citation omitted)).

Appellant does not challenge the legality of the sentence imposed; he challenges only the discretionary aspects of his sentence. As this Court observed in **Commonwealth v. Crawford**, 257 A.3d 75 (Pa. Super. 2021):

- 4 -

The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked. To raise a substantial question, an appellant must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Id.* at 78 (quoting *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220-21 (Pa. Super. 2011)).

Our review of the record confirms that Appellant filed a timely notice of appeal and that he properly preserved the issue in his motion to reconsider the sentence. Further, he has included a Rule 2119(f) statement in his brief filed with this Court. Therefore, we must determine whether there is a substantial question that Appellant's sentence is not appropriate under the Sentencing Code.

A substantial question is raised when an appellant "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Patterson*, 180 A.3d at 1232 (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011)).

In his first issue, Appellant argues that the trial court abused its discretion by failing to consider various mitigating circumstances and imposing consecutive sentences for crimes arising from a single event. In support of his contention, he cites cases in his Rule 2119(f) statement in which a substantial question was raised (1) where the trial court considered only the seriousness of the offense; (2) where the trial court relied on impermissible hearsay; and (3) where the trial court may have relied in whole or in part on impermissible considerations. Appellant's Brief at 16 (citing *Commonwealth v. Macias*, 968 A.2d 773 (Pa. Super. 773 (Pa. Super. 2009); *Commonwealth v. Crork*, 966 A.2d 585 (Pa. Super. 2009); and *Commonwealth v. Cruz*, 402 A.2d 536 (Pa. Super. 1979)). However, Appellant fails to demonstrate that the sentences imposed in his case were **either** "inconsistent with a specific provision of the Sentencing Code" **or "**contrary to the fundamental norms which underlie the sentencing process." *Patterson*, 180 A.3d at 1232. He simply argues that the trial court failed to consider mitigating factors and that the court's decision to run the sentences consecutively was "largely punitive." He suggests that the court's failure to consider mitigating factors requires this Court to vacate the sentence. Appellant's Brief at 17.

Quoting *Commonwealth v. Disalvo*, 70 A.3d 900 (Pa. Super. 2013), in *Patterson* we noted,

> "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *See also Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa. Super. 1999), *appeal denied*, 560 Pa. 742, 747 A.2d 366 (1999) (determining appellant's claim that sentence of incarceration for [driving under suspension] violation was excessive because sentencing court failed to adequately consider certain mitigating factors did not raise substantial question).

*Id.* at 1233 (quoting *Disalvo*, 70 A.3d at 903) (additional citations omitted).

*See also Crawford*, 257 A.3d at 79 (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) and *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007)).  Consistent with these cases, and as stated in *Commonwealth v. Radecki*, 180 A.3d 441 (Pa. Super. 2018), "we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the imposition of consecutive sentences and inadequate consideration of mitigating factors." *Id.* at 469.  Moreover, as reflected in the transcript of the sentencing hearing, the trial court clearly considered mitigating factors, and also considered Appellant's pre-sentence investigation report ("PSI")[4] and mental health reports.  *See* Notes of Testimony ("N.T."), Sentencing Hearing, 12/21/21, at 8-16.

---

[4] "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Radecki*, 180 A.3d at 471 (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013)).

Even if his discretionary aspect of sentencing claim raised a substantial question, Appellant would not be entitled to relief. As the trial court noted:

> When imposing a sentence, a trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense [. . . ] and the rehabilitative needs of the defendant." Pa.C.S.[A.] § 9721(b). It is well-settled that sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion is not merely an error in judgment, but a defendant must establish that the sentencing court misapplied the law or exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision.

Trial Court Rule 1925(a) Opinion, 3/11/22, at 3 (citations omitted).

Here, the trial court explained that it "considered every factor required under the sentencing code and imposed a sentence that was not only necessary for the protection of the public, but one that also reflected the significant threat [Appellant] posed to the community." *Id.* at 5. The court also considered the pre-sentence and mental health reports, Appellant's acceptance of responsibility by pleading guilty, and Appellant's prior record score of zero, but reiterated its obligation to consider all sentencing factors. *Id.* The court also commented that Appellant's acceptance of responsibility by pleading guilty was "the only reason this court did not impose the statutory maximum." *Id.* at 6 (citing N.T., Sentencing Hearing, 12/21/21, at 44). Based on our review of the record, it is clear that Appellant has failed to "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice,

- 8 -

bias or ill will, or arrived at a manifestly unreasonable decision." ***Disalvo***, 70 A.3d at 903 (citation omitted).[5] Because Appellant has failed to demonstrate an abuse of discretion on the part of the trial court, Appellant would not be entitled to relief on his first issue, even if he had raised a substantial question. Appellant's first issue fails.

Appellant's second issue is related to the first in that Appellant contends the trial court's sentence was improperly impacted by the court's viewing of disturbing photographs of his victim's corpse. As with his first issue, Appellant has failed to present a substantial question for our review, again relying on cases that are inapposite. ***See supra***. However, even if Appellant presented a substantial question, he would not be entitled to relief.

The trial court appropriately dismissed Appellant's claim for lack of merit, stating:

> This court's sentence was not impacted by the Commonwealth's inclusion of a photo of the decedent's bloated and maggot infested corpse, N.T. 12/21/21 at 8; ***see*** Commonwealth's Sentencing Memo at 4. Sentencing courts routinely view gruesome photographs at sentencing and are "presumed to be capable of identifying and properly disregarding all but the most prejudicial and inflammatory evidence." ***Commonwealth v. Vanderslice***,

---

[5] We note Appellant's contention that the trial court failed to consider as a mitigating factor Appellant's agreement to forego his "viable pre-trial suppression issues." ***See*** Appellant's Brief at 14; ***see also*** Appellant's Reply Brief at 1-2. Appellant fails to appreciate, as the Commonwealth recognizes, that "as [Appellant] affirmed at his guilty plea hearing, by entering his plea, he waived his right to challenge all non-jurisdiction defects except the validity of his plea and the legality of his sentence." Commonwealth Brief at 9 (citing ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013)). His decision to forego pre-trial issues is of no moment.

> 260 A.3d 125, [2021 WL 2907853 at *10 (Pa. Super. July 8, 2021)] (unpublished memorandum)[6] (additional citations omitted). This court's sentence was impacted by the incredibly serious nature of [Appellant's] crimes and not by one photograph of the decedent's body in an advanced state of decomposition. This court imposed a well-reasoned and just sentence, and [Appellant's] claim fails.

Trial Court Rule 1925(a) Opinion, 3/11/22, at 6-7 (citations and some capitalization omitted). We find no abuse of discretion in the trial court's imposition of Appellant's sentence. Appellant's second issue fails.

Appellant has failed to present a substantial question meriting review of either of his issues. Even if a substantial question were presented, he is not entitled to relief. Therefore, we shall not disturb the sentence imposed by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2023

---

[6] **See** R.A.P. 126(b) (Non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

- 10 -